Jeffrey S. Dubin (JD-0446)
Robert M. Saltzstein (RS-2815)
Attorneys for Plaintiffs
464 New York Avenue
Suite 100
Huntington, New York 11743
(631) 351-0300
(631) 351-1900 FAX
dubinjs@cs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X

| | |
|---|---|
| Carla Romita, Lawrence Scuder, Anthony E. Feda, John Maniscalco, and Allison A. Heaney, as TRUSTEES of the NEW YORK OIL HEATING INSURANCE FUND, | Civil Action No. **07cv9820(CM/GWG)** ECF Case |
| Plaintiffs, | |
| -against- | COMPLAINT |
| HOP ENERGY, LLC, | |
| Defendant. | |

-----------------------------------------------X

Plaintiffs, complaining of the defendant, by their attorneys, JEFFREY S. DUBIN and ROBERT M. SALTZSTEIN, allege as follows:

1. This is an action by the Trustees of an employee benefit plan, to enforce the obligations of the defendant to make contributions to the plan and to permanently enjoin its failure to make such contributions in the future and for interest, additional interest, reasonable attorney's fees and costs of action. The jurisdiction of this Court is invoked under Section 502 of the Employee Retirement Income Security Act of 1974 (E.R.I.S.A.), as

amended, 29 U.S.C. § 1132.

2. Carla Romita, Lawrence Scuder, Anthony E. Feda, John Maniscalco, and Allison A. Heaney as the plaintiff Trustees of the New York Oil Heating Insurance Fund (Trustees of the Fund), are and were fiduciaries within the meaning of Section 3(21)(A) of E.R.I.S.A., 29 U.S.C. § 1002(21)(A).

3. The New York Oil Heating Insurance Fund (the Fund) is and was an employee benefit plan within the meaning of Section 3(3) of E.R.I.S.A., 29 U.S.C. § 1002(3).

4. The Fund is and was administered within this district within the meaning of Section 502(e)(2) of E.R.I.S.A., 29 U.S.C. § 1132(e)(2), to wit, within the City, County and State of New York.

5. Upon information and belief, the defendant is and was a Limited Liability Company, organized under the laws of the State of New York. Defendant is and was an employer within the meaning of Section 3(5) of E.R.I.S.A., 29 U.S.C. § 1002(5).

6. At all times relevant hereto, defendant has been doing business in this district within the meaning of 28 U.S.C. § 1391.

7. Heretofore, defendant entered into a contract which, *inter alia*, provided for monthly contributions by defendant to the Fund on behalf of participants, who are certain employees of defendant and/or retired persons formerly employed by said defendant.

8. The Fund is a third party beneficiary of said contract.

9. Pursuant to said contract, defendant employed persons who became

participants in the Fund within the meaning of Section 3(7) of E.R.I.S.A., 29 U.S.C. § 1002(7), while said contract was in full force and effect.

10. Pursuant to said contract, defendant is required to make contributions to plaintiffs for the period June 1, 2007 through October 31, 2007.

## AS AND FOR A FIRST CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFF TRUSTEES OF THE FUND

11. Plaintiff Trustees of the Fund, repeat and reallege each and every allegation set forth in paragraphs 1 through 10.

12. Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

## AS AND FOR A SECOND CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFF TRUSTEES OF THE FUND

13. Plaintiff Trustees of the Fund, repeat and reallege each and every allegation set forth in paragraphs 1 through 12.

14. This claim for relief seeks a permanent injunction against defendant pursuant to E.R.I.S.A. Section 502(a)(3) and 502(g)(2)(E), 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E).

15. Defendant has no meritorious defense to the claim for relief set forth in this Complaint, either in fact or in law and has simply sought to avoid payment of the contributions owed by it to the Fund or to delay payment thereof.

16. Defendant has, in the past, repeatedly failed or refused to pay contributions to the Fund in accordance with the terms and conditions of the plans and Agreements and Declarations of Trust and contract.

17. The Fund has and will incur considerable nonrecoverable expenses in pursuing unpaid contributions such as increased administrative overhead, and lost investment income.

18. The nonrecoverable expenses are ultimately borne by the participants and beneficiaries of the Fund by way of reduced benefits and this is inequitable.

19. Accordingly, defendant should be permanently enjoined from failing or refusing to pay contributions to the Fund in accordance with the terms and conditions of the plans and Agreements and Declarations of Trust, all in violation of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145.

WHEREFORE, plaintiffs demand judgment in accordance with E.R.I.S.A. Section 502(g)(2), 29 U.S.C. § 1132(g)(2):

 A. On the First Claim for Relief in favor of plaintiff Trustees of the New York Oil Heating Insurance Fund and against defendant in the amount of $28,101.00.

 B. On the First Claim for Relief, in accordance with Section 502(g) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2), awarding plaintiff Trustees of the New York Oil Heating Insurance

Fund and against defendant:

    1.    interest of 18% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made;

    2.    additional interest of 18% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(C) and (E), 29 U.S.C.§§ 1132(g)(2)(C) and (E);

    3.    reasonable attorneys fees and costs of the action, pursuant to Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D).

    C.    On the Second Claim For Relief in favor of plaintiffs Trustees of the New York Oil Heating Insurance Fund, in accordance with E.R.I.S.A. Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), permanently enjoining defendant from failing or refusing to pay contributions owed by it to the Fund in accordance with the terms and conditions of the plans and the Agreements and Declarations of Trust and contract, in violation of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145,

AND, for such other relief pursuant to E.R.I.S.A., as this Court deems appropriate.

Dated: November 2, 2007

*[signature]*

Jeffrey S. Dubin (JD-0446)
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, NY 11743
(631) 351-0300
(631) 351-1900 FAX
Dubinjs@cs.com

To:   Defendant (Fed.R.Civ.Pro. § 4)
      United States District Court (Fed.R.Civ.Pro. § 3)
      Secretary of Labor- by Cert. Mail (29 U.S.C. § 1132[h])
      RRR#: 7007 0220 0001 9297 2394
      Secretary of Treas.-by Cert. Mail (29 U.S.C. § 1132[h])
      RRR#: 7007 0220 0001 9297 2400